Clay M. Gatens
Michelle A. Green
Jeffers, Danielson, Sonn & Aylward, P.S.
P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN P. LAIR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OUTERWALL, INC., a Delaware corporation, d/b/a Coinstar,<br><br>　　　　Defendants. | NO. CV-13-316-RHW<br><br>COMPLAINT FOR CLASS ACTION<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Susan P. Lair ("Lair"), by and through her attorneys of record, Jeffers, Danielson, Sonn & Aylward, P.S., by Clay M. Gatens and Michelle A. Green, brings this Class Action Complaint and alleges as follows, upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by her attorneys:

COMPLAINT FOR CLASS ACTION
Page 1
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

## I. INTRODUCTION

1.1 Lair brings this action on behalf of herself and other similarly situated consumers who purchased gift certificates from Outerwall, Inc., a Delaware corporation, d/b/a Coinstar ("Coinstar"). Coinstar-brand gift certificates (marketed as e-Certificates or "Coin to Card" gift cards) are sold to consumers and issued by Coinstar on thermal-printed receipts from Coinstar kiosk machines located throughout the United States. The thermal-printed gift certificates contain the alpha-numerical codes necessary for the consumer to redeem the gift certificate with Coinstar's retail and service partners. The thermal-printed gift certificates fade quickly after issuance and become un-readable and therefore, un-redeemable by the consumer, within very short periods of time. Without the alpha-numerical code necessary to redeem the gift certificate, the gift certificate is effectively expired and the consumer is deprived the value of their purchase. The gift certificates violate Washington state law because they have effective expiration dates and other deceptive terms that are illegal under Washington state law.

1.2 Coinstar does not charge the typical fee for its coin counting service (9.8 cents per U.S. dollar) if a customer elects to purchase a gift certificate instead of receiving a cash voucher, thereby inducing its customers to buy the illegal gift

COMPLAINT FOR CLASS ACTION
Page 2
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

certificates. Coinstar induces customers to purchase gift certificates instead of receiving a cash voucher by making statements such as: "**Cash in for zip, zero, zilch.**"; "**No fee!**"; "**Do the gift cards and e-certificates have a fee? Nope, that's the gift.**"; and "**Get that feeling of No Fee Bliss next time you pour your coins at Coinstar for a NO FEE eCertificate or Gift Card.**"

1.3  Coinstar violates Washington state law by inducing consumers to buy the gift certificates, while knowing that the thermal-printed gift certificates will fade within a short time period and effectively expire, which is forbidden under the Washington Gift Card Act (RCW 19.240 *et seq.*) (the "Gift Certificate Act"). Coinstar imposes other illegal restrictions on the use of its certificates as well. For example, Coinstar states: "**NOT VALID FOR CASH** except as required by law" or similar language in bold print on the face of its certificates. Coinstar also states: "Redeemable only for purchases of certain products at [name of retailer selected by consumer]" and "Not redeemable for cash" on the face of its certificates. The effective expiration date and other limitations imposed by Coinstar are clearly forbidden under RCW 19.240.020. On information and belief, Coinstar and its retail and service partners enforce these illegal limitations when consumers try to redeem gift certificates at their retail and service locations.

COMPLAINT FOR CLASS ACTION
Page 3
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

1.4     Coinstar's deceptive business practices violate the Gift Card Act and the Washington Consumer Protection Act (RCW 19.86 *et seq.*) (the "Consumer Protection Act") by unlawfully using thermal printing to create effective expiration dates and implementing other illegal limitations on the face of the gift certificates that their customers have purchased, and by falsely informing customers that they are not entitled to retain surplus value or use the certificates for certain "ineligible" products. Customers are never informed these restrictions are in direct violation of Washington law.  On information and belief, many customers choose to forego using their gift certificates once the alpha-numerical code has faded and becomes unreadable.  On information and belief, many customers forego asking for a refund of any unused value of their gift certificates, based on the statement on the gift certificate: "**NOT VALID FOR CASH** except as required by law."  On information and belief, Coinstar's retail and service partners enforce and enable these illegal restrictions when consumers attempt to redeem their gift certificates.  The result of these unfair and deceptive practices is that consumers are often deceived out of redeeming their gift certificates, or deceived to believe that they must redeem them at a reduced rate.

1.5     During the process of purchasing a gift certificate, Coinstar does not disclose all of these stated restrictions, including the fade propensity of the thermal

COMPLAINT FOR CLASS ACTION
Page 4
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

receipts and thus, the effective expiration date. Further, the stated restrictions in some cases contradict statements within Coinstar's "terms of use" and/or its retail and service partners' "terms and conditions," which a consumer is directed to review after he or she has already been induced to select the gift certificate option. This is a misleading marketing practice that violates the Consumer Protection Act.

1.6     On information and belief, Coinstar engages in these unfair and deceptive practices in an effort to maximize the number of customers who either never redeem their gift certificate because of the effective expiration date (therefore losing the entire value of the gift certificate) and to maximize the number of customers who never redeem their gift certificate for its full value. It is well known in the gift certificate industry that a significant source of the benefit for a business selling gift certificates is that a substantial number of customers never redeem them. Coinstar's actions seek to maximize this "margin" in the gift certificate business by misleadingly encouraging consumers to never redeem their gift certificates, or to redeem them for less than the full value to which they are entitled under law.

1.7     Lair brings this action on behalf of herself and the putative class described below seeking injunctive relief, damages, and reasonable attorney fees and costs for

COMPLAINT FOR CLASS ACTION
Page 5
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Coinstar's violations of the Consumer Protection Act and the Gift Card Act, unjust enrichment, and such other and further relief as the Court deems equitable and just.

## II. PARTIES

2.1     <u>Representative Plaintiff</u>.  Plaintiff, Susan P. Lair ("Lair"), is a married woman acting in her separate estate and was at all times material hereto a resident of Douglas County, Washington.  Lair has agreed to act as class representative in this matter.

2.2     <u>Defendant</u>.  Defendant, Outerwall, Inc. d/b/a Coinstar ("Coinstar"), is a Delaware corporation.  Coinstar does business throughout Washington and the United States, including throughout Chelan County and Douglas County within the Eastern District of Washington.

2.3     <u>Putative Class Members</u>.  The members of the relevant class include all citizens of the State of Washington, who at any time within four years from the date of this action purchased a gift certificate from Coinstar in the State of Washington that was subject to the illegal restrictions identified in this Complaint (the "Class").  Excluded from the Class are: (i) any judge presiding over this action and members of their families; (ii) Coinstar, its subsidiaries, parents, successors, predecessors, and any entity in which Coinstar or its parents have a controlling interest and their current or former employees,

COMPLAINT FOR CLASS ACTION
Page 6
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

officers, and directors; (iii) persons who properly execute and file a timely request for exclusion from the Class; and (iv) the legal representatives, successors, or assigns of any such excluded persons.

## III.   JURISDICTION AND VENUE

3.1   Venue in this Court is proper pursuant to RCW 4.12.020, RCW 4.12.025, RCW 7.24 *et seq.*, and 28 U.S.C. § 1391.

3.2   This Court has jurisdiction of these claims pursuant to 28 U.S.C. § 1332.

## IV.   FACTS

4.1   Coinstar does business in the State of Washington and throughout the United States. The services Coinstar offers to consumers include converting coins into cash vouchers and free coin counting when consumers use their coins to purchase Coin to Card gift certificates for Coinstar's retail and service partners.

4.2   Coinstar sells gift certificates to consumers from its Coinstar kiosks located throughout Washington and the United States.

4.3   To stimulate consumer interest and a sense of urgency in consumers to purchase gift certificates from Coinstar, Coinstar does not charge the typical fee for its coin counting service (9.8 cents per U.S. dollar) if a customer elects to purchase a gift certificate instead of receiving a cash voucher, thereby inducing its customers to buy

COMPLAINT FOR CLASS ACTION
Page 7
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

the illegal gift certificates. Coinstar uses deceptive marketing efforts to induce customers to purchase gift certificates instead of receiving a cash voucher.

4.4    Coinstar violates Washington law by inducing consumers to buy the gift certificates, while knowing that the thermal-printed gift certificates will fade within a short time period and effectively expire, which is prohibited under the Gift Certificate Act. Coinstar imposes other illegal restrictions on the use of its certificates as well.

4.5    Lair is a resident of Douglas County, Washington. Lair purchased gift certificates from various Coinstar locations within King County, Chelan County, and Douglas County, Washington, in 2010, 2011, 2012, and 2013.

4.6    The gift certificates purchased by Lair from Coinstar were issued on thermal printed receipts, which faded within a couple of weeks or months of Lair's purchase and before Lair had the opportunity to redeem the gift certificates. As a result of this fading, Lair was unable to redeem at least three (3) of the gift certificates she purchased between 2010 and 2013. Lair believes the value of the non-redeemed gift cards was approximately one hundred and fifty dollars ($150.00).

4.7    The gift certificates purchased by Lair had effective expiration dates of one year or less because of the fade propensity of the thermal-printed gift certificates, and they included other illegal terms that violate the Gift Card Act and the Consumer

COMPLAINT FOR CLASS ACTION
Page 8
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Protection Act. Coinstar did not disclose the expiration date and the illegal terms to Lair.

4.8    As a result of Coinstar's deceptive practices, Lair did not receive the full value of the gift certificates she purchased from Coinstar.

### V.    CLASS ALLEGATIONS/PROPRIETY OF CLASS ACTION PROSECUTION

5.1    <u>Request for Certification</u>. Lair seeks certification of the above-described Class.

5.2    <u>Numerosity (CR 23(a)(1))</u>. The exact number of Class members is unknown to Lair at this time. According to Coinstar's website, Coinstar has kiosk machines in nearly 19,000 locations. On information and belief, Coinstar has contracted with thousands of Class members throughout the State of Washington, making joinder of each individual Class member impracticable. The exact number of Class members may be discerned from Coinstar's records of gift certificate sales in Washington, and such persons may be identified with particularity through appropriate judicial notice and discovery procedures, such that it would be possible to give such persons actual notice of these proceedings, if required.

5.3    <u>Commonality and Predominance</u>. Common questions of law and fact exist

COMPLAINT FOR CLASS ACTION
Page 9
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

as to all members of the Class and predominate over any questions affecting only individual members. The common questions include without limitation:

 (a) Whether Coinstar sold gift certificates to members of the Class containing effective expiration dates and other restrictions in violation of the Gift Card Act;

 (b) Whether Coinstar's practices violate the Consumer Protection Act;

 (c) Whether Coinstar's practices violate the public policy of the State of Washington;

 (d) Whether Coinstar was unjustly enriched as a result of receiving payments from Lair and the Class; and

 (e) Whether Lair and the Class are entitled to relief, and the nature of such relief.

5.4 <u>Typicality</u>. Lair's claims are typical of the claims of the other members of the Class. Lair and the Class sustained damages as a result of Coinstar's uniform wrongful conduct during transactions with Lair and the Class. Lair and the Class have been damaged by Coinstar's violations of the Gift Card Act and the Consumer Protection Act, which were enacted for the protection of Washington citizens.

5.5 <u>Adequate Representation</u>. Lair will fairly and adequately represent and

COMPLAINT FOR CLASS ACTION
Page 10
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

protect the interests of the Class, and has retained counsel competent to litigate this action. Lair comes before this Court in the same capacity as any other litigant seeking redress for grievances and to seek class relief for all of those persons exposed to the same harm for which she is aggrieved. The adequacy of Lair's ability to fairly and adequately protect the interest of the Class does not depend upon her financial status but rather upon:

    (a)    The capacity of chosen counsel to adequately prosecute the case on her behalf and on the behalf of the putative Class. Lair's attorneys, Jeffers, Danielson, Sonn & Aylward, P.S., are experienced trial attorneys who have engaged in extensive trial practice and have considerable experience in all aspects of class action litigation from several other class action cases. Lair's counsel has the necessary skills, expertise, and competency to adequately represent Lair's interest in those of the Class.

    (b)    Lair has no interests antagonistic to those of the Class, and Coinstar has no defenses unique to Lair.

    (c)    Lair is ready and willing to bring this Class Action in a representative capacity on behalf of the putative Class.

    5.6    <u>Appropriateness</u>. This Class Action is appropriate for certification because:

COMPLAINT FOR CLASS ACTION  
Page 11  
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.  
Attorneys at Law  
2600 Chester Kimm Road / P.O. Box 1688  
Wenatchee, WA 98807-1688  
(509) 662-3685 / (509) 662-2452 FAX

  (a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Coinstar and would also create the risk of adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other persons not party to the adjudication.

  (b) The damages suffered by the individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Coinstar's wrongful conduct.  Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Coinstar's misconduct.

  (c) Coinstar has acted on grounds generally applicable to all putative Class members, making final injunctive relief or declaratory relief appropriate with respect to the class as a whole.

  (d) This action is a superior method in preventing future economic and pecuniary loss to thousands of Washington citizens and members of the public.  This action is uniquely directed to preserve the integrity and safety of Washington citizens, the sanctity of business ventures, and to ensure that all Washington citizens are

COMPLAINT FOR CLASS ACTION  
Page 12  
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.  
Attorneys at Law  
2600 Chester Kimm Road / P.O. Box 1688  
Wenatchee, WA  98807-1688  
(509) 662-3685 / (509) 662-2452 FAX

protected in the future by providing that businesses operating in Washington may not sell gift certificates without complying with the statutory protections for consumers. The Class will benefit by redress from the ongoing action which, if left to thousands of individual actions, would greatly congest the forums of the Superior Courts of the state of Washington. Any difficulties which may be encountered in this action will be slight compared to the impracticality of having thousands of individuals bringing individual actions and thereby unnecessarily burdening the courts throughout the State of Washington. The class litigation is a fair, efficient and expeditious vehicle for providing redress to both unnamed and named plaintiffs and to as yet unidentified Class members.

(e) This action is superior to any other available method for the fair and efficient adjudication of the controversy.

5.7 Lair reserves the right to revise the Class definitions based upon information learned through discovery.

## VI. DEMAND FOR JURY TRIAL

Lair, on behalf of herself and the putative class described above, hereby demands a jury in this action and requests that this action be tried by a jury of twelve (12) persons.

COMPLAINT FOR CLASS ACTION
Page 13
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

On information and belief, the amount in controversy exceeds seventy five thousand dollars ($75,000.00).

## VII.  FIRST CAUSE OF ACTION: DECLARATORY RELIEF PURSUANT TO RCW 7.24 *et seq.*

7.1    There exists an actual controversy between Lair and the Class on one hand, and Coinstar on the other, to the extent Coinstar's practicing relative to its sale and issuance of gift certificates are contrary to Washington law and public policy.

7.2    As described above, Coinstar's transactions with Lair and the Class violate the Consumer Protection Act and the Gift Card Act in that Coinstar is selling gift certificates to consumers with undisclosed, effective expiration dates, and Coinstar unlawfully restricts redemption when a consumer makes a purchase for less than the full value of the gift certificate and unlawfully restricts redemption to only "eligible" products of Coinstar's retail and service partners, which are not disclosed in advance to consumers.

7.3    Coinstar's sales of gift certificates with expiration dates and redemption restrictions to Lair and the Class are contrary to applicable Washington law and are therefore void under RCW 19.240.110.

COMPLAINT FOR CLASS ACTION
Page 14
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

7.4     Lair and the Class have tangible legal interests in the instant controversy, including without limitation:

(a) Their interest in receiving full value of the gift certificates they purchased from Coinstar without regard to unlawful expiration dates and single-transaction redemption restrictions; and

(b) Their interest in obtaining injunctive relief so that Coinstar does not in the future employ deceptive practices in its business dealings with consumers.

7.5     Lair and the Class seek injunctive relief prohibiting Coinstar from refusing to honor certificates in accordance with Washington law, and to prevent Coinstar from continuing its unlawful, unfair, and deceptive business practices as described in this Complaint.

## VIII. SECOND CAUSE OF ACTION: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

8.1     Coinstar's and/or its agents' actions in:

(a) Marketing and selling gift certificates that are subject to effective expiration dates which violate Washington state law;

COMPLAINT FOR CLASS ACTION
Page 15
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

(b) Marketing and selling gift certificates with purported explicit restrictions on the gift certificates such as, "NOT VALID FOR CASH except as required by law," which restrictions violate Washington state law;

(c) Marketing and selling gift certificates with terms on the face of the gift certificates that contradict terms contained in Coinstar's retail or service partners' "additional terms and conditions"; and

(d) Facilitating and enforcing these illegal restrictions when consumers attempt to redeem a gift certificate;

constitute unfair or deceptive acts in trade or commerce in violation of the Consumer Protection Act, RCW 19.86 *et seq.*

8.2   Coinstar's violations of the Consumer Protection Act set forth above are injurious to the public interest and have/had the capacity to injure or deceive other persons and/or the public. It is likely that additional persons have been or will be injured in the same manner as Lair in this case.

8.3   As a result of Coinstar's unfair and deceptive practices, Lair and the Class have been deprived of the full value of the gift certificates to which they are legally entitled under Washington law, and have either discarded the gift certificates that they

COMPLAINT FOR CLASS ACTION
Page 16
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

were deceived into believing had effectively expired, or have been deceived into either giving up some portion of the value of the gift certificate or accepting delivery of goods and/or services that they did not want for the sole purpose of receiving some approximation of full value of the gift certificate.

8.4  As a direct and proximate result of Coinstar's and/or its agents' violations of the Consumer Protection Act set forth above, Lair and the Class have suffered economic damages in an amount to be proven at trial.

8.5  Lair and the Class are entitled to treble damages for Coinstar's violations of the Consumer Protection Act under RCW 19.86.090.

8.6  Coinstar is liable to Lair and the Class reasonable attorney fees and costs, in addition to the statutory damages.

### IX.  THIRD CAUSE OF ACTION: RESTITUTION/UNJUST ENRICHMENT

9.1  Coinstar knowingly received and retained benefits from Lair and the Class under circumstances that would render it unjust to allow Coinstar to retain such benefits.

9.2  Under principles of equity and good conscience, Coinstar should not be permitted to retain the monies belonging to Lair and the Class that Coinstar was paid in

COMPLAINT FOR CLASS ACTION
Page 17
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

the form of payment for illegal gift certificates and that Coinstar unjustly received as a result of its misconduct alleged herein.

## X.  REQUEST FOR RELIEF

Based on the foregoing allegations, Plaintiff, Susan P. Lair, individually and on behalf of others similarly situated, requests that the Court grant the following relief:

1. For an order certifying this case as a class action, and designating Lair as Class Representative and her attorneys as Class Counsel;

2. For an order declaring Coinstar's conduct in the sale of gift certificates to Lair and the Class to be illegal under Washington state law, and granting injunctive relief as necessary to protect Lair and the Class, and to prohibit the continuing conduct of Coinstar's business in ways that violate Washington state law;

3. For entry of a judgment in favor of Lair and the Class and against Coinstar for actual and liquidated damages in an amount to be proven at trial, including treble damages as set forth above;

4. For an order granting equitable and injunctive relief to Lair and the Class, including restitution, disgorgement, and an accounting of all revenue gained by Coinstar through its unlawful conduct alleged herein;

COMPLAINT FOR CLASS ACTION
Page 18
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

5. For an order granting injunctive relief restraining Coinstar from further violation of the Consumer Protection Act and the Gift Certificate Act as alleged herein

6. For an order awarding Lair and the Class their reasonable attorney fees and costs pursuant to RCW 19.86.090 and/or other applicable law;

7. For an order awarding Mrs. Lair and the Class pre- and post-judgment interest; and

8. For such other and further relief as the Court deems just and equitable.

DATED this 27th day of August, 2013.

| | |
|---|---|
| /s/<u>CLAY M. GATENS</u><br>WSBA No. 34102<br>Attorneys for Plaintiffs<br>JEFFERS, DANIELSON, SONN & AYLWARD, P.S.<br>2600 Chester Kimm Road<br>P.O. Box 1688<br>Wenatchee, WA  98807-1688<br>Telephone:  509-662-3685<br>Fax:  509-662-2452<br>Email: clayg@jdsalaw.com | /s/<u>MICHELLE A. GREEN</u><br>WSBA No. 40077<br>Attorneys for Plaintiffs<br>JEFFERS, DANIELSON, SONN & AYLWARD, P.S.<br>2600 Chester Kimm Road<br>P.O. Box 1688<br>Wenatchee, WA  98807-1688<br>Telephone:  509-662-3685<br>Fax:  509-662-2452<br>Email: michelleg@jdsalaw.com |

COMPLAINT FOR CLASS ACTION
Page 19
1061454

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX