Clay M. Gatens                                    THE HONORABLE ROBERT H. WHALEY
Jeffers, Danielson, Sonn & Aylward, P.S.
P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SUSAN P. LAIR, individually and on behalf of all others similarly situated, | ) ) ) | NO. CV-13-316-RHW |
| Plaintiff, | ) ) ) | PLAINTIFF'S RESPONSE TO DEFENDANT OUTERWALL'S MOTION TO DISMISS |
| vs. | ) ) | |
| OUTERWALL, INC., a Delaware corporation, d/b/a Coinstar, | ) ) ) | |
| Defendant. | ) ) ) | |

## I.  INTRODUCTION

Defendant argues in its Motion to Dismiss that Plaintiff's Complaint should be dismissed because she lacks standing and because she bases her requests for relief on deficient pleadings.  For the reasons discussed below, Defendant's Motion to Dismiss should be denied.

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

## II.  RELEVANT FACTS

On August 27, 2013, Plaintiff Susan P. Lair filed in this Court a complaint against Outerwall, Inc.  On October 25, 2013, Defendant Outerwall, Inc. filed in this same Court a Motion to Dismiss.  Concurrent with this Response, Plaintiff has filed a First Amended Complaint.  ECF No. 11 ("Amd. Compl").

## III.  ANALYSIS

An amended complaint supersedes the original and renders moot a motion to dismiss the original complaint.  *Glass v. The Kellogg Co.*, 252 F.R.D 367 (W.D. Mich. 2008).   Plaintiff's Response addresses Outerwall's Motion to Dismiss in light of the Amended Complaint Plaintiff filed with this Court on November 13, 2013.

### A.    Legal Standards

### 1.   Standing

Defendant asserts that Plaintiff lacks standing to sue because she did not attempt to redeem the gift cards she purchased from Defendant and therefore did not suffer an injury in fact.  Defendant's argument fails for three reasons.

First, the injury required by Article III may exist solely by virtue of "statutes creating legal rights, the invasion of which creates standing."  *Lujan v. Defenders of*

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

*Wildlife*, 504 U.S. 555, 578 (1992) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973)).   Here, Plaintiff alleges that she has legal rights under both Washington's Consumer Protection Act, RCW 19.86 *et seq.*, and Gift Certificate Act, RCW 19.240 *et seq.*, and Defendant's actions violate these rights.  As such, Plaintiff has standing independent of any attempt to redeem gift cards purchased from Defendant.

Second, allegations of monetary damages alone create standing: "[m]onetary harm is a classic form of injury in fact.  Indeed it is often assumed without discussion." *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 293 (3d. Cir.).  Here, Plaintiff alleged she suffered monetary harm because she "was unable to redeem at least three (3) of the gift certificates she purchased between 2010 and 2013." ECF No. 1 at 8; Complaint ("Compl.") ¶ 4.6. The inability to redeem the gift certificates due to their effective expiration caused monetary damage to Plaintiff independent of attempts to redeem.

Third, Plaintiff's First Amended Complaint specifically alleges that "Plaintiff attempted to redeem a gift card issued by Coinstar, but was unable to do so because of the fading of the gift certificates."  Amd. Compl. ¶ 4.9.  Accordingly, Defendant's

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

contention that Plaintiff lacks standing based on an absence of an allegation in the original Complaint of an attempt to redeem the subject gift certificates is rendered moot by the First Amended Complaint.

Any of the above reasons demonstrate that Plaintiff suffered an injury in fact and therefore has standing to bring her complaint against Defendant. Therefore, Defendant's arguments regarding standing in its Motion are mooted in their entirety.

### 2.    12(b)(6) - *Twombly/Iqbal* Standard

A Federal Court sitting in diversity should apply the Federal Rules regarding pleading. *Leavitt v. Cole*, 291 F. Supp. 2d 1338, 1341 (M.D. Fla. 2003) (citing *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986).

The purpose of a complaint under Rule 8 is to give the defendant fair notice of the factual basis of that claim, i.e., "notice pleading." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Specific facts are not necessary. *Id.* Concerns about the specificity in a complaint are normally handled by the array of discovery devices available to a defendant. *Sharp v. Islands California Arizona LP*, 900 F. Supp. 2d 1101, 1106 (citing *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.2d 832, 842 (9th Cir. 2007).

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 4
1089657

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

In 2007, the Supreme Court decided *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  As part of that decision, the Court held that to survive a 12(b)(6) motion to dismiss, a plaintiff's complaint need only contain facts sufficient to state a claim to relief that is plausible on its face.  550 U.S. at 569.  The Court was careful to note that this decision did not create a heightened standard of pleading in Federal cases,[1] but rather required plaintiffs merely to plead sufficient facts to "nudge their claims from conceivable to plausible." *Id.*  Subsequent Federal Courts have held that heightened pleading standards apply only when explicitly required by statute or federal rule.  *See*, *e.g.*, *Sharp*, 900 F. Supp. 2d at 1106.

In 2009, the Supreme Court reaffirmed the "plausibility" threshold for notice pleading in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Quoting its own language in *Twombly*, the Court held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court placed "plausible" claims between "possibility" on one end, and "probability"

---

[1] In fact, the Court argued that only Congress, and not judicial interpretation, has the power to broaden the Federal Rules of Civil Procedure.  *See id.*

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

on the other, stating that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*

Here, none of Plaintiffs claims are "merely consistent" with liability. Plaintiff specifically alleges that Defendant engaged in acts and practices that violate the Washington State Consumer Protection and Gift Certificate Acts. Those allegations are supported by statements of fact that, when accepted as true—as they must be for the purposes of a motion to dismiss—would allow a court relying on its judicial experience and common sense to find that Plaintiff's Complaint states a claim of relief that is plausible on its face. Therefore, Plaintiff's Complaint satisfies the *Iqbal*/ *Twombly* notice pleading standard.

### 3.    12(b)(6) Standard

A Federal District Court should grant a motion to dismiss under Rule 12(b) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229,

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 6
1089657

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

249-50 (1989). In applying this standard, a District Court must read the facts alleged in the compliant in the light most favorable to the plaintiff and accept these allegations as true. *Id.* at 249. Granting a motion to dismiss is a harsh remedy and must be cautiously studied, both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice. *Carlson v. ex rel. U.S. Postal Service*, 248 F. Supp. 2d 1040, 1043 (N.D. Okla. 2003).

**B.    Plaintiff Has Standing to Bring Her Claims.**

Defendant argues in its Motion that Plaintiff lacks standing because she never tried to redeem her gift certificates and thus could not demonstrate that she was unable to use the certificates and therefore injured. For the reasons discussed in § III.A(1) *supra*, Defendant's argument under this section is mooted in its entirety.

**C.    Plaintiff's Complaint States a Cause of Action Under the Gift Certificate Act.**

In adopting the Gift Certificate Act, the Legislature's express intent was "to prohibit acts and practices of retailers that deprive consumers of the full value of gift certificates, such as expiration dates, service fees, and dormancy and inactivity charges, on gift certificates." RCW 19.240.005. As such, the Act states that it is unlawful for any person or entity to issue, or to enforce against a bearer, a gift

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

certificate that contains an expiration date.  RCW 19.240.020(1)(a).

Defendant, in its motion, asks the court to narrow the scope of the Act, applying it only to gift certificates that physically state an expiration date.  Essentially, Defendant presents a myopic definition of the term "contain," defining it as to "physically include."  However, Defendant's argument is twice-flawed.

First, Webster's Third New International Dictionary defines "contain" as "to have (something)."[2]  Inserting this meaning into the statutory language results in the following:  "it is unlawful for any  . . . entity to issue . . . a gift certificate that *has* an expiration date."  It is therefore a reasonable interpretation of the Act that any gift certificate that *can* expire – whether expressly or effectively – does have (i.e., "contains") an expiration date, which is a violation of the Act.  Here, Plaintiff's gift certificates expired once the redemption codes faded from the faces of their thermal paper.  Thus Defendant's issuance of Plaintiff's gift certificates violated RCW 19.240.020(1)(a).  Importantly, this interpretation is consistent with the Legislature's intent to ensure that consumers enjoy the full value of gift certificates. An unredeemable gift certificate cannot be enjoyed.

---

[2] Webster's Third New International Dictionary, s.v. "Contain."

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 8
1089657

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688
(509) 662-3685 / (509) 662-2452 FAX

Second, Defendant's narrow interpretation of "contain" runs contrary to the express intent of the Gift Certificate Act, but also necessitates an illogical interpretation of the Act. Accepting Defendant's interpretation would logically permit the issuance of gift certificates written with invisible ink so long as they did not "contain" an expiration date. This is an implausible interpretation of the Gift Certificate Act and directly counters its express intent.

Defendant also attempts to liken the redemption code's propensity for fading to a gift certificate being lost or washed or deleted by its owner. However, such occurrences provided by Defendant require *affirmative acts* on the part of the certificates' holders. Plaintiff's certificates expire merely through the passage of a short time with *no* overt act on Plaintiff's part. As such, the analogy does not hold.

Finally, Defendant's arguments regarding the Gift Certificate Act are predicated on unpublished Federal case law. LR 7.1(f)(2) permits citation of unpublished cases for factual or persuasive value only, and not for precedential value.

### D.    The Court Should Not Dismiss the Plaintiff's CPA Claim.

Washington's Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade of

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 9
1089657

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

commerce. RCW 19.86.020. To survive dismissal, a plaintiff must plead and allege facts of (1) an unfair or deceptive act or practice; (2) occurrence of the act or practice in trade or commerce; (3) impact on the public interest; (4) injury to the plaintiff's business or property; and (5) causal relationship of the injury to the unfair or deceptive act. *First Sate Ins. Co. v. Kemper Nat. Ins. Co.*, 94 Wn. App. 602, 608, 971 P.2d 953, 956 (1999).

Defendant argues in its motion that Plaintiff's CPA claim should be dismissed because (1) Plaintiff's claim is subject the heightened pleading standard of Fed R. Civ. P. 9(b); (2) Plaintiff's complaint does allege any unfair or deceptive act or practice; and (3) Plaintiff failed to allege that Defendant's conduct proximately caused her injury. For the reasons below, each of Defendant's arguments fail.

### 1. Plaintiff's CPA Claim Does Not Sound in Fraud and Therefore is Not Subject to the Heightened Pleading Standard of Rule 9(b).

Rule 9(b) requires parties alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P 9(b). It is established law that Rule 9(b)'s particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b) applies not only to direct allegations of fraud, but also to "averments of fraud." *Id.* Fraud can

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

be 'averred' by specifically alleging fraud, or by alleging facts necessary to constitute fraud. *Vess*, *Id.* at 1105. In those cases Rule 9(b) applies, but only to particular averments of fraud. *Id.*at 1103.

In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. *Id.* In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. *Id.* In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). *Id.* at 1103-04.

In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct. *Id.* at 1104. In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements. *Id.* The text of Rule 9(b) requires only that in "all *averments of fraud* . . . , the circumstances constituting fraud . . . shall be stated with particularity." *Id.* (quoting Fed. R. Civ. P. 9(b) (emphasis in original)). The rule does not require that allegations supporting a claim be stated with

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

particularity when those allegations describe non-fraudulent conduct. *Vess*, 317 F.3d at 1104.

Here, none of Plaintiff's allegations sound in fraud. In Washington, fraud requires the satisfaction nine elements: (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff had damages. *Baddeley v. Seek*, 138 Wn. App. 333, 338-39, 156 P.3d 959, 961 (2007).

Thus a claim of fraud in Washington, at its core, requires an allegation of a false *statement*. Plaintiff here makes no such allegation. Rather, Plaintiff alleges that Defendant issued gift certificates on thermal paper, knew that the printing on the thermal paper would fade quickly, and did not disclose this knowledge to its purchasing public. However, failure to disclose is not fraud. *See Oates v. Taylor*, 31 Wn.2d 898, 903, 199 P.2d 924, 927 (1948) (Silence as to material fact does not itself constitute fraud). The allegation in Plaintiff's Complaint that comes closest to constituting an averment of fraud is 8.1(c) "Marketing and selling gift certificates with

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 12
1089657

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

terms on the face of the gift certificates that contradict terms contained in [Defendant's] retail or service partners' 'additional terms and conditions.'" ECF No. 1 at 16-17; Compl. ¶ 8.1(c). However allegations regarding the inconsistency of additional terms and conditions sounds in contract, not fraud. *See*, *generally*, RCW 62A.2-207 (Additional terms in acceptance or confirmation); *M.A. Mortenson Co. v. Timberline Software Corp.*, 140 Wn.2d 568, 998 P.2d 305 (2000) (UCC applies to terms in software contracts); *see also* Restatement (Second) of Contracts § 216 (1981) (Consistent Additional Terms).   Therefore, because none of Plaintiff's allegations sound in fraud or constitute averments to fraud, nothing in Plaintiff's complaint is subject to Rule 9(b) heightened pleading standard.

> **2.    The Complaint Contains Allegations that Coinstar Engaged in an Unfair or Deceptive Act or Practice.**

A plaintiff claiming a violation of the CPA can establish that an act is unfair or deceptive by alleging (1) that the alleged act or practice constitutes a *per se* unfair trade or practice; (2) that the alleged act "has the capacity to deceive substantial portions of the public"; or (3) that the alleged unfair or deceptive act is not regulated by statute but is in violation of the public interest. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787, 295 P.3d 1179, 1187 (2013).  Defendant argues that Plaintiff's

complaint contains none of these allegations.

      **a. Plaintiff has not alleged that Coinstar has committed an act that constitutes a *per se* unfair trade practice.**

Because the Legislature has not declared violations of RCW 19.240 *et seq.* to be per se violations of the CPA, Plaintiff does not so allege. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787, 719 P.2d 531, 536 (1986) (Legislature is appropriate body to establish interaction between statutes and the CPA).

      **b. Plaintiff has alleged that Coinstar's alleged acts have the capacity to deceive a substantial portion of the public.**

The "or" between "unfair" and "deceptive" in the CPA is disjunctive. *Klem*, 295 P.3d at 1187. Therefore Plaintiff need only allege Defendant's practice was unfair or deceptive, not both.

Defendant argues that Plaintiff has not identified any *deceptive* act performed by Defendant. However, Defendant's argument misconstrues the law. To establish that an act violates the CPA, a plaintiff need not show that a defendant acted with intent to deceive, or even that Defendant's act was deceptive. *Hangman Ridge*, 719 P.2d at 535. Rather, a plaintiff need merely demonstrate that the act in question had the capacity to deceive a substantial portion of the public. *Id.* Plaintiff has met this

burden.

Plaintiff alleged in her Complaint that Defendant printed gift certificates on thermal paper it knew had a propensity for early fading. Defendant did not warn its consumers of this propensity. Plaintiff further alleged that although the use of thermal paper is common practice in the coin exchange industry, its use is not common practice in the gift certificate industry, specifically because of it tendency to fade. Plaintiff— along with thousands of other consumers nationwide—had no reason to know that the gift certificates printed on Defendant's thermal paper would likely be rendered worthless in a relatively short period of time and through no fault of the consumer. Therefore, Defendant's printing and issuance of gift certificates on thermal paper had the capacity to deceive a substantial portion of the public.

Defendant also argues that offering paper gift certificates using "common thermal printing processes" does not rise to the level of *unfair* practice. Defendant bases its argument on an expressly incorrect legal standard.

Defendant looks to a definition "unfair" examined by the Washington Supreme Court in *Klem* to support its position. *Klem*, 295 P.3d at 1187. However, this definition is not recognized by Washington Courts. The full quote from the Court

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 15
1089657

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

which contains the definition is as follows:

> *Current federal law suggests* a "practice is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by countervailing benefits.

*Id.* (quoting 15 U.S.C. § 45(n)) (emphasis added).

The Court expressly stated that this definition was not part of Washington jurisprudence, holding that the term "unfair" remains undefined in Washington: "This case does not give us an opportunity to explore in detail how to define unfair acts for the purposes of our CPA. That must wait for another day." *Id.* Therefore, whether or not Defendant's practices were "unfair" remains a question of fact for the jury. *Burbo v. Harley C. Douglass, Inc.*, 125 Wn. App. 684, 699-700, 106 P.2d 258, 266-67 (2005), *review denied*, 155 Wn.2d 1026, 126 P.3d 820 (2005) (dismissal of CPA claim improper where reasonable minds could differ as to whether act was unfair).

### c. Plaintiff has alleged that Coinstar committed an unfair or deceptive act in violation of the public interest.

Plaintiff alleged in her Complaint that Defendant's issuance of gift cards on thermal paper was a violation of RCW 19.240 *et seq.*, aka, the Gift Certificate Act. RCW 19.240.110 states, "An agreement made in violation of the provisions of this

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

chapter *is contrary to public policy* and is void and unenforceable against the bearer." (emphasis added). Therefore, Plaintiff has alleged that Defendant's practices violated public policy. *See Anhold v. Daniels*, 94 Wn.2d 40, 614 P.2d 184 (1980) (public requirements of CPA *per se* satisfied upon specific legislative declaration).

### 3.  Plaintiff Has Alleged an Injury Causally Connected to the Conduct Complained Of.

To establish the causation element in a CPA claim, a plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury. *Indoor Billbord/Wash., Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 83, 170 P.3d 10, 22 (2007). Proximate cause is a factual question to be decided by the trier of fact. *Id.* at 23.

Defendant, in its Motion, argues that Plaintiff has not alleged proximate cause because she has not alleged facts sufficient to demonstrate standing. For the reasons discussed in § III.A(1) *supra*, Defendant's argument under this section is mooted in its entirety.

### E.  Plaintiff's Unjust Enrichment Claim States a Claim for Relief.

To establish a claim for unjust enrichment, a plaintiff must allege three elements: (1) there must be a benefit conferred on one party by another; (2) the party

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 17
1089657

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

receiving the benefit must have an appreciation or knowledge of the benefit; and (3) the receiving party must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Dragt v. Dragt/De Tray, LLC*, 139 Wn. App. 560, 576, 161 P.3d 473, 482 (2007).  Plaintiff, in her First Amended Complaint filed herewith satisfies this burden.

Plaintiff alleged first, that Plaintiff conferred a benefit on Coinstar because she purchased gift certificates with her own monies at Coinstar's kiosks.  Second, that Coinstar was aware that Plaintiff made the purchases. Third, that Coinstar benefitted from the purchases because it retained the full value of Plaintiff's purchases when the gift cards effectively and illegally expired upon the fading of the thermal paper print. Further, Plaintiff alleged that she chose Coinstar's gift certificate option because of Coinstar's illegal marketing practices.  Therefore, Plaintiff has satisfied her burden to allege that Coinstar was unjustly enriched by its illegal practices.

### F.     Plaintiff's Declaratory Judgment Cause of Action Should Not be Dismissed.

A request for declaratory relief is subject to the case-or-controversy requirement of Article III. *Teva Pharmaceuticals USA, v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330, 1339 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*,

Jeffers, Danielson, Sonn & Aylward, P.S.
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

127 S. Ct. 764, 771 (2007); s*ee also* 28 U.S.C. § 2201(a).  An "actual controversy"

requires only that a dispute be "'definite and concrete, touching the legal relations of

parties having adverse legal interests'; and the dispute must be 'real and substantial'

and 'admi[t] of specific relief through a decree of a conclusive character, as

distinguished from an opinion advising what the law would be upon a hypothetical

state of facts.'" *Id.*

A justiciable Article III controversy requires the party instituting the action have

standing and the issue presented to the court be ripe.  *Teva*, 482 F.3d at 1339.

Defendant, in its Motion, argues that Plaintiff lacks standing because she has not

alleged an actual injury.  For the reasons discussed in § III.A(1) *supra*, Defendant's

argument under this section is mooted in its entirety.

## IV.  CONCLUSION

For the abovementioned reasons, Plaintiff respectfully requests that the Court

deny Defendant Outerwall's Motion to Dismiss.

DATED this 14th day of November, 2013.

> s/CLAY A. GATENS, WSBA No. 34102
> s/MICHELLE A. GREEN, WSBA No. 40077
> Attorneys for Plaintiff Susan . Lair
> JEFFERS, DANIELSON, SONN & AYLWARD, P.S.

**Jeffers, Danielson, Sonn & Aylward, P.S.**
Attorneys at Law
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452 FAX

2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA  98807-1688
Telephone:  509-662-3685
Fax:  509-662-2452
Email: clayg@jdsalaw.com
Email: michelleg@jdsalaw.com

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 20
1089657

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System.  Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

- **Amanda J Beane**
  ABeane@perkinscoie.com,bbuckley@perkinscoie.com,DocketSEA@Perkinscoie.com

- **Thomas L Boeder**
  tboeder@perkinscoie.com,Docketsea@perkinscoie.com,nlygren@perkinscoie.com

- **Carrie M Hobbs**
  chobbs@perkinscoie.com,docketsea@perkinscoie.com,vlbabani@perkinscoie.com

DATED at Wenatchee, Washington this 14th day of November, 2013.

s/CLAY A. GATENS, WSBA No. 34102
s/MICHELLE A. GREEN, WSBA No. 40077
Attorneys for Plaintiff Susan . Lair
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA  98807-1688
Telephone:  509-662-3685
Fax:  509-662-2452
Email: clayg@jdsalaw.com
Email: michelleg@jdsalaw.com

PLAINTIFFS' RESPONSE TO DEFENDANT
OUTERWALL'S MOTION TO DISMISS
Page 21
1089657